# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# AIKEN DIVISION

| | |
|---|---|
| CENTRAL MUTUAL INSURANCE COMPANY, AS SUBROGEE OF BRENDA WYATT, | Civil Action No: 1:21-cv-00469-JMC |
| Plaintiff, | **THERMA-STOR, LLC'S ANSWER TO COMPLAINT** |
| vs. | |
| RESIDEO TECHNOLOGIES, INC., THERMA-STOR, LLC, AND REGAL BELOIT CORPORATION, | |
| Defendants. | |

Defendant Therma-Stor, LLC ("Therma-Stor"), by and through its undersigned counsel, hereby answers the Complaint as follows:

Each and every allegation of the Complaint not specifically admitted herein is denied and strict proof thereof is demanded.

## I. PARTIES

1. In response to Paragraph 1 of the Complaint, on information and belief, the allegation is admitted.

2. In response to Paragraph 2 of the Complaint, the allegations are denied. Defendant Resideo Technologies, Inc., was incorporated in the state of Delaware; and, its principal place of business is in the state of Texas.

3. In response to Paragraph 3 of the Complaint, Therma-Stor alleges that it is a limited liability company formed and existing under the laws of the state of Delaware. The remaining allegations are admitted.

4. In response to Answering Paragraph 4 of the Complaint, Therma-Stor denies that Defendant Regal Beloit Corporation is a domestic corporation formed and existing under the laws of the state of South Carolina. Therma-Stor alleges that Defendant Regal Beloit Corporation is a corporation formed and existing under the laws of the state of Wisconsin. Defendant Therma-Stor lacks knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations.

## II. JURISDICTION AND VENUE

5. In response to Paragraph 5 of the Complaint, Therma-Stor asserts that the allegations are legal conclusions to which no responsive pleading is required. Therma-Stor further alleges as follows:

Venue is proper in the United States District Court, Aiken Division, because the actions which Plaintiff alleges give rise to the Complaint allegedly occurred in Aiken County, South Carolina.

This court has original jurisdiction by diversity of citizenship pursuant to U.S.C. § 1332. The amount in controversy exceeds $75,000, and the parties are completely diverse.

   a. Plaintiff was at the time of the commencement of this action, and still is, incorporated in the state of Ohio; and, its principal place of business is in the state of Ohio; thus, Plaintiff is a citizen of the state of Ohio;

   b. Defendant Regal Beloit Corporation was at the time of the commencement of this action, and still is, incorporated in the state of Wisconsin; and, its principal place of business is in the state of Wisconsin; thus, Regal Beloit Corporation is a citizen of the state of Wisconsin;

   c. Defendant Resideo Technologies, Inc., was at the time of the commencement of this action, and still is, incorporated in the state of Delaware; and, its principal place of business is in the state of Texas; thus, Resideo Technologies, Inc. is a citizen of the states of Delaware and Texas; and

   d. Defendant Therma-Stor, LLC was at the time of the commencement of this action, and still is, a citizen of the states of Delaware and Illinois. Therma-Stor LLC is a limited liability company. Its sole member is Therma-Stor Holdings II LLC. The sole member of Therma-Stor Holdings II LLC is Madison Indoor Air Solutions

LLC. The sole member of Madison Indoor Air Solutions, LLC is Madison IAQ Holdings II LLC. The sole member of Madison IAQ Holdings II LLC is Madison IAQ Holdings LLC. The sole member of Madison IAQ Holdings LLC is Madison Industrial Solutions Corporation, which was incorporated in the state of Delaware and has a principal place of business in the state of Illinois.

### III. FACTS

6. In response to Paragraph 6 of the Complaint, Therma-Stor lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegation, and therefore, the allegation is denied.

7. In response to Paragraph 7 of the Complaint, Therma-Stor admits that it is in the business of designing, manufacturing, and selling residential dehumidifiers, and admits it has expertise in the development and manufacture of residential dehumidifiers. Therma-Stor admits that Resideo Technologies is in the business of selling or distributing residential dehumidifiers. Therma-Stor admits that Regal Beloit manufactures components of residential dehumidifiers. Therma-Stor lacks knowledge and information sufficient to form a belief as to the truth or falsity of the remaining allegations, and therefore, those allegations are denied.

8. In response to Paragraph 8 of the Complaint, Therma-Stor lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegation, and therefore, the allegation is denied.

9. In response to Paragraph 9 of the Complaint, Therma-Stor denies the allegations.

10. In response to Paragraph 10 of the Complaint, Therma-Stor denies the allegations.

11. In response to Paragraph 11 of the Complaint, Therma-Stor denies the allegations.

## IV CAUSE OF ACTION

### A.   STRICT PRODUCT LIABILITY

12.   In response to Paragraph 12 of the Complaint, Therma-Stor incorporates by reference its responses to all preceding paragraphs as if restated verbatim herein.

13.   Therma-Stor denies the allegations in Paragraph 13 of the Complaint.

14.   Therma-Stor denies the allegations in Paragraph 14 of the Complaint.

### B.   NEGLIGENCE

15.   In response to Paragraph 12 of the Complaint, Therma-Stor incorporates by reference its responses to all preceding paragraphs as if restated verbatim herein.

16.   Therma-Stor denies the allegations in Paragraph 16 of the Complaint.

17.   Therma-Stor denies the allegations in Paragraph 17 of the Complaint.

18.   Therma-Stor denies the allegations in Paragraph 18 of the Complaint.

### C.   BREACH OF WARRANTY

19.   In response to Paragraph 19 of the Complaint, Therma-Stor incorporates by reference its responses to all preceding paragraphs as if restated verbatim herein.

20.   In response to Paragraph 20 of the Complaint, Therma-Stor denies that it breached any implied warranties relating to the Subject Dehumidifier.  The remaining allegations are legal conclusions to which no responsive pleading is required.

21.   Therma-Stor denies the allegations in Paragraph 21 of the Complaint.

22.   Therma-Stor denies the allegations in Paragraph 22 of the Complaint.

23.   In response to Paragraph 23 of the Complaint, Therma-Stor denies that it breached any warranties relating to the Subject Dehumidifier.  The remaining allegations contain legal conclusions to which no responsive pleading is required.

24.   In response to Paragraph 24 of the Complaint, Therma-Stor denies the allegations.

## V. RESERVATION OF RIGHTS

25. In response to Paragraph 25 of the Complaint, the allegation is a legal conclusion to which no responsive pleading is required.

26. Therma-Stor denies all allegations in the "WHEREFORE" clause of the Complaint, and specifically alleges that Therma-Stor has no liability and denies all damages claimed.

## AFFIRMATIVE DEFENSES

In addition to and without waiving the denials set forth above, Therma-Stor, LLC hereby sets forth the following affirmative defenses to the Complaint:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint should be dismissed, in whole or in part, to the extent it fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred to the extent Plaintiff failed to comply with any statutory prerequisites.

### THIRD AFFIRMATIVE DEFENSE

Upon information and belief, Plaintiff had and continues to have the ability to mitigate any alleged damages and, to the extent Plaintiff has failed to mitigate any such damages, Plaintiff is barred from recovering damages in this action.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred, in whole or in part, by the doctrines of waiver, laches and estoppel.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are limited or barred, in whole or in part, by warranty limitations and disclaimers.

### SIXTH AFFIRMATIVE DEFENSE

Should discovery so indicate and support, Therma-Stor reserves the right to plead the law and doctrine of comparative negligence and allege the negligence and recklessness of Brenda Wyatt were greater than the negligence, if any, which might be established against Therma-Stor and, therefore, Plaintiff is barred from any recovery in this action. Therma-Stor further reserves the right to assert any damage sustained by Plaintiff was due to and caused by the negligence and/or willfulness of Brenda Wyatt combining, concurring, and contributing with the negligence and/or willfulness, if any, on the part of Therma-Stor and, therefore, any amount of recovery awarded to Plaintiff for the damages alleged in the Complaint shall be reduced by the Court by the percentage of negligence and/or willfulness attributed to Brenda Wyatt. Therefore, Therma-Stor is not liable to Plaintiff for any sum whatsoever, or, in the alternative, Therma-Stor is entitled to reduce any award by Brenda Wyatt's comparative negligence.

### SEVENTH AFFIRMATIVE DEFENSE

Any damages allegedly suffered by Plaintiff was due to or caused by a third-party or third-parties over whom Therma-Stor had no control, whose actions caused the alleged damages, if any, which are denied.

### EIGHTH AFFIRMATIVE DEFENSE

All claims asserted against Therma-Stor are barred by the applicable statutes of limitations and/or the applicable statute of repose.

### NINTH AFFIRMATIVE DEFENSE

Therma-Stor asserts that any damage sustained by Plaintiff was due to and caused by the sole and negligent acts or omissions of some other person or persons other than Therma-Stor over whom Therma-Stor neither had nor exercised any authority or control, and, therefore, Therma-Stor is not liable to Plaintiff for any sum whatsoever.

**TENTH AFFIRMATIVE DEFENSE**

Therma-Stor alleges that any injuries sustained by Plaintiff were caused by the misuse, misapplication, or abuse of the product and said misuse, misapplication, or abuse of the product is a complete bar to recovery against Therma-Stor.

**ELEVENTH AFFIRMATIVE DEFENSE**

Therma-Stor is entitled to all caps and/or limitations of punitive damages and liabilities as set forth S.C. Code Ann. Sections 15-32-530 and 15-32-520 and other applicable state and federal law.

**TWELFTH AFFIRMATIVE DEFENSE**

Any and all products, instructions or services provided by Therma-Stor, if any, were state-of-the-art, thus serving as a complete defense to the claims of Plaintiff.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Therma-Stor alleges that Plaintiff's claims are barred by S.C. Code Ann. § 15-73-20.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Therma-Stor shall have no liability to the extent the product at issue contained adequate warnings.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Therma-Stor shall have no liability to the extent that the product complained of had been substantially altered, modified and/or changed after it left Therma-Stor's control.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Liability against Therma-Stor is precluded because the product complained of contained adequate warnings and instructions.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Therma-Stor would show that any amount of recovery awarded to Plaintiff for the damages alleged in the Complaint against Therma-Stor shall be reduced by and/or set off in the amount provided by other sources allegedly liable for this subject incident.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Therma-Stor alleges, upon information and belief, that any damage sustained by Plaintiff was due to and caused by the sole and negligent acts or omissions of some other person or persons other than Therma-Stor over whom Therma-Stor neither had nor exercised any authority or control, and, therefore, Therma-Stor is not liable to Plaintiff for any sum whatsoever.

**NINETEENTH AFFIRMATIVE DEFENSE**

Therma-Stor affirmatively pleads the statutory cap on punitive damages as set forth in S.C. Code Ann. § 15-32-530 (Supp. 2019) (as amended) as a defense in this matter.

**TWENTIETH AFFIRMATIVE DEFENSE**

Therma-Stor is entitled to recover contribution from other parties with respect to any judgment, awards costs, expenses and attorneys' fees that Plaintiff or any other party may recover from Therma-Stor under the doctrine of contribution.

**RESERVATION AND NON-WAIVER**

Therma-Stor reserves any additional and future defenses as may be revealed by additional information during the course of discovery and investigation and as is consistent with the Federal Rules of Civil Procedure.

Therma-Stor incorporates by reference the defenses of all other Defendants as those defenses may be applicable to this Defendant.

**WHEREFORE**, Therma-Stor prays to the Court that:

1. Plaintiff's Complaint be dismissed with prejudice;

2. Judgment be entered in favor of Therma-Stor;

3. Plaintiff recover nothing from Therma-Stor;

4. The costs of this action be taxed against Plaintiff and that Therma-Stor recovers its costs in defending this action, including, but not limited to, attorneys' fees as allowed by law; and

5. The Court grants Therma-Stor such other and further relief as the Court may deem just and proper.

        s/ Robert H. Jordan
        Robert H. Jordan, Esq. (Fed. ID: 06986)
        Email:  robertjordan@parkerpoe.com
        PARKER POE ADAMS & BERNSTEIN LLP
        200 Meeting Street, Suite 301
        Charleston, South Carolina 29401
        Phone:  843-727-2650

        ATTORNEYS FOR THERMA-STOR, LLC

February 19, 2021.
Charleston, South Carolina