# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
### AIKEN DIVISION

| | |
|---|---|
| CENTRAL MUTUAL INSURANCE COMPANY, AS SUBROGEE OF BRENDA WYATT, | Civil Action No. 1:21-cv-00469-JMC |
| Plaintiff, | |
| vs. | **THERMA-STOR LLC'S ANSWER TO CROSS-CLAIM OF DEFENDANT RESIDEO TECHNOLOGIES, INC.** |
| RESIDEO TECHNOLOGIES, INC., THERMA-STOR, LLC, AND REGAL BELOIT CORPORATION, | |
| Defendants. | |

Defendant Therma-Stor, LLC ("Therma-Stor"), by its attorneys, Parker Poe Adams & Bernstein LLP, by Robert H. Jordan, and Axley Brynelson, LLP, by Brian C. Hough and Justin H. Lessner, hereby answers the Cross-Claim of Resideo Technologies, Inc. as follows:

## ANSWER

1. Answering Paragraph 63 of the Cross-Claim of Cross-Claimant, Defendant Resideo, Therma-Stor LLC asserts that Paragraph 63 does not state an allegation to which a responsive pleading can be asserted. To the extent a responsive pleading is required, Therma-Stor denies the allegations.

2. Answering Paragraph 64 of the Cross-Claim of Cross-Claimant, Defendant Resideo, Therma-Stor LLC admits that it manufactured and supplied certain dehumidifiers for Honeywell.

3. Answering Paragraph 65 of the Cross-Claim of Cross-Claimant, Defendant Resideo, Therma-Stor LLC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations, and therefore, they are denied.

4.      Answering Paragraph 66 of the Cross-Claim of Cross-Claimant, Defendant Resideo, Therma-Stor LLC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations, and therefore, they are denied.

5.      Answering Paragraph 67 of the Cross-Claim of Cross-Claimant, Defendant Resideo, Therma-Stor LLC denies the allegations.

6.      Answering Paragraph 68 of the Cross-Claim of Cross-Claimant, Defendant Resideo, Therma-Stor LLC lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations, and therefore, they are denied.

7.      Answering Paragraph 69 of the Cross-Claim of Cross-Claimant, Defendant Resideo, the allegations are legal conclusions to which no responsive pleading is required.

8.      Answering Paragraph 70 of the Cross-Claim of Cross-Claimant, Defendant Resideo, Therma-Stor LLC denies the allegations.

9.      Answering Paragraph 71 of the Cross-Claim of Cross-Claimant, Defendant Resideo, Therma-Stor LLC asserts that Paragraph 71 does not state an allegation to which a responsive pleading can be asserted.  To the extent a responsive pleading is required, Therma-Stor denies the allegations.

10.     Answering Paragraph 72 of the Cross-Claim of Cross-Claimant, Defendant Resideo, the allegations are legal conclusions to which no responsive pleading is required.

11.     Answering Paragraph 73 of the Cross-Claim of Cross-Claimant, Defendant Resideo, Therma-Stor LLC denies the allegations.

12.     Answering Paragraph 74 of the Cross-Claim of Cross-Claimant, Defendant Resideo, the allegation does not require a responsive pleading.  To the extent a responsive pleading is required, Therma-Stor denies the allegations.

13.     Answering Paragraph 75 of the Cross-Claim of Cross-Claimant, Defendant Resideo, Therma-Stor LLC denies the allegations.

14.     Therma-Stor LLC incorporates by reference the affirmative defenses it asserted in its Answer to Plaintiff's Complaint and further asserts the following affirmative defenses in response to Resideo's cross-claims:

### For a First Affirmative Defense
### (Failure to State a Claim)

Resideo fails to allege facts sufficient to constitute a cause of action upon which relief can be granted and should be dismissed with prejudice pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### For A Second Affirmative Defense
### (Breach of Contract)

Resideo's claims are barred in whole or part based on Resideo's breach of the applicable contract(s).

### For a Third Affirmative Defense
### (Unclean Hands)

Resideo's claims for equitable relief, such relief is barred in whole or part based on the unclean hands doctrine

### For a Fourth Affirmative Defense
### (Waiver, Estoppel, Laches)

Resideo's claims are barred in whole or part based on the doctrines of waiver, estoppel or laches

### For a Fifth Affirmative Defense
### (Failure to Mitigate)

Resideo's claims are barred in whole or part based on Resideo's failure to mitigate its alleged damages.

### For a Sixth Affirmative Defense
**(Express terms of a contract)**

Resideo's claims are barred in whole or part under the express terms of the applicable contract(s) and/or under the law of contract.

### For a Seventh Affirmative Defense
**(Ratification)**

Resideo's claims are barred in whole or part based on the doctrine of ratification.

### For an Eight Affirmative Defense
**(Ripeness)**

Resideo's equitable claims are barred in whole or part because they are not ripe.

### For an Ninth Affirmative Defense
**(Reservation to Amend)**

As discovery in this case progresses, Therma-Stor reserves its right to amend this answer and affirmative defenses.

WHEREFORE, Therma-Stor LLC requests the Court dismiss the Cross-Claims and enter judgment in favor of Therma-Stor LLC, awarding it its costs and fees, along with such other relief as the Court deems just and proper.

Respectfully submitted,

s/ Robert H. Jordan
Robert H. Jordan, Esq. (Fed. ID: 06986)
Email:  robertjordan@parkerpoe.com
PARKER POE ADAMS & BERNSTEIN LLP
200 Meeting Street, Suite 301
Charleston, South Carolina 29401
Phone: 843-727-2650

and

Brian C. Hough (admitted pro hac)
WI State Bar No. 1025056
E-mail: bhough@axley.com
Justin H. Lessner (admitted pro hac)
WI State Bar No. 1064634
E-mail: jlessner@axley.com
AXLEY BRYNELSON, LLP
2 East Mifflin Street, Suite 200
Post Office Box 1767
Madison, WI 53701-1767
Phone: 608-257-5661

ATTORNEYS FOR DEFENDANT
THERMA-STOR, LLC

April 19, 2021.
Charleston, South Carolina

5