IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| CENTRAL MUTUAL INSURANCE COMPANY AS SUBROGEE OF BRENDA WYATT, | ) ) ) ) | Civil Action No. 1:21-cv-00469-JMC |
| Plaintiff, | ) ) | **PLAINTIFF'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT** |
| vs. | ) ) | |
| RESIDEO TECHNOLOGIES, INC., THERMA-STOR, LLC, AND REGAL BELOIT CORPORATION, | ) ) ) ) | |
| Defendants. | ) ) | |

Plaintiff Central Mutual Insurance Company as subrogee of Brenda Wyatt ("Plaintiff" or "Central") files this Motion for Partial Summary Judgment against Defendants Therma-Stor, LLC ("Therma-Stor") and Resideo Technologies, Inc. ("Resideo") with respect to their statute of limitations and statute of repose affirmative defenses, and would respectfully show the Court the following:

### I. BACKGROUND

This lawsuit arises out of a fire that caused significant damage Brenda Wyatt's home ("Wyatt Home") and its contents. Central paid Brenda Wyatt for her property damages pursuant to her insurance policy and brought this lawsuit against Defendants to recover its damages. In their answers, Defendants Therma-Stor and Resideo asserted the statute of limitations and statute repose as affirmative defenses. Specifically, Defendants allege that Plaintiff's lawsuit is barred by an eight year statute of repose because the dehumidifier that forms the basis of the Plaintiff's

1

product liability claims is a permanent improvement to real property. As a matter of law, Defendants' assertions are baseless, and Plaintiff is entitled to summary judgment on Therma-Stor and Resideo's statute of limitations and statute of repose affirmative defenses.

## I. INDISPUTABLE FACTS AND PROCEDURAL HISTORY

1. The Wyatt home located at 5139 Webtar Lane in Graniteville, South Carolina ("Wyatt Home") was built in 2008. At that time, two Honeywell DH90 dehumidifiers, including the one that Plaintiff alleges failed and caused the fire (the "Dehumidifier"), were installed in the basement of the home. *See* Durig Affidavit, ¶ 6a.

2. The dehumidifiers helped maintain a specified level of humidity in the Wyatt Home. *See* Durig Affidavit, ¶ 6a.

3. The Dehumidifier is an appliance, or product, that sat on the floor of the basement and was not permanently secured to the floor. *See* Durig Affidavit, ¶ 6d.

4. The Dehumidifier was powered through a standard power cord that plugged into a standard 120V outlet. The Dehumidifier was not hardwired into the Wyatt Home's electrical system. *See* Durig Affidavit, ¶ 6b.

5. The exemplar dehumidifier was secured to the HVAC duct system via a short flexible hose. The exemplar dehumidifier was not permanently attached to the home's air duct system. The Dehumidifier appeared to have been installed in the same fashion as the exemplar dehumidifier. *See* Durig Affidavit, ¶ 6c.

6. Defendant Therma-Stor admitted it designed, manufactured, and sold the Dehumidifier. *See* Therma-Stor, LLC's Answer to Complaint, ¶ 7.

Defendant Resideo admitted that it distributed the Dehumidifier. *See* Answer of Resideo Technologies, Inc., ¶ 9.

8.   On November 18, 2018, a fire originated in the basement of the Wyatt Home in the Dehumidifier ("Fire"). Durig Affidavit, ¶ 4. Plaintiff alleges that the Dehumidifier failed due to a product defect and caused the Fire. *Id*.

9.   A person without special or technical expertise could easily remove the Dehumidifier from the basement of the Wyatt Home by unplugging it from the wall and detaching it from the HVAC duct. Durig Affidavit, ¶ 6e. After the Fire, the Graniteville Fire Department removed the Dehumidifier from the basement. *Id*.

10.   The Dehumidifier was a mass-produced appliance. Except for the alleged product defect, the Dehumidifier was identical to other mass-produced Honeywell DH90 dehumidifiers. Durig Affidavit, ¶ 6g.

11.   The Dehumidifier was not custom made or specially designed for the Wyatt Home. Durig Affidavit, ¶ 6f.

12.   On December 11, 2020, Plaintiff filed this lawsuit against both Defendants. *See* Plaintiff's Complaint.

13.   Defendant Therma-Stor alleges that Plaintiff's claims are "barred by the applicable statutes of limitations and/or the applicable statute of repose," because the Dehumidifier "is an improvement to real property subject to South Carolina's 8-year statute of repose." Therma-Stor, LLC's Answer to Complaint, Eighth Affirmative Defense; Therma-Stor LLC's Responses to Plaintiff's First Set of Interrogatories, Interrogatory Number 6.

Defendant Resideo alleges that Plaintiff's claims "may be barred by the…statute of limitations." Answer of Resideo Technologies, Inc., ¶ 36. Defendant Resideo also alleges in its interrogatory answers "that the dehumidifier constituted an improvement to real property." Defendant Resideo Technologies, Inc.'s Answers to Plaintiff's Interrogatories, Interrogatory Number 6.

## I. ARGUMENTS AND AUTHORITIES

Plaintiff seeks summary judgment on Defendants Therma-Stor and Resideo's affirmative defenses of statute of limitations and statue of repose. Simply put, there is no genuine issue of material fact and Plaintiff should have judgment as a matter of law on these affirmative defenses. Plaintiff indisputably brought this lawsuit timely under the applicable South Carolina statute of limitations and South Carolina does not have a stature of repose for products like the defective Dehumidifier in this case. Therefore, Plaintiff requests that the Court grant it summary judgment on these affirmative defenses.

**A.     Burdens of Proof**

A defendant who asserts an affirmative defense bears the burden of proving that defense. *Bartels v. Saber Healthcare Group, LLC*, 880 F.3d 668, 681 (4th Cir. 2018); *Lorick & Lowrance, Inc. v. Julius H. Walker & Co.*, 153 S.C. 309, 150 S.E. 789, 792 (S.C.1929) ("When a defendant interposes an affirmative defense, he becomes as to that matter the actor in the suit, and burden of proof rests upon him to establish his affirmative defense by preponderance of the evidence."). Thus, when a plaintiff moves for summary judgment on an affirmative defense that it does not bear the ultimate burden of persuasion at trial, it may discharge its burden by demonstrating to

4

the court that there is an absence of evidence to support a defendant's affirmative defense. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The defendant as non-movant must then "make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322, 106 S.Ct. 2548. "[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id.* at 249, 106 S.Ct. 2505. Although reasonable inferences are to be drawn in favor of the nonmoving party, the nonmoving party must rely on more than conclusory allegations, mere speculation, the building of one inference upon another, or the mere existence of a scintilla of evidence. *Id.* "[A] party opposing a properly supported motion for summary judgment . . . must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc*. 346 F.3d 514, 522 (4th Cir. 2002); Fed. R. Civ. P. 56(e). If the adverse party fails to provide evidence establishing that the fact finder could reasonably decide in his favor, then summary judgment shall be entered "regardless of '[a]ny proof or evidentiary requirements imposed by the substantive law.'" *Id.; Addax Energy SA v. M/V Yasa H. Mulla,* 987 F.3d 80 (4th Cir. 2021).

**B.    Statute of Limitations**

As a matter of law, Plaintiff timely brought this lawsuit against both Defendants. *See* S.C. Code Ann. § 15-3-530(3)(4); § 15-3-535. South Carolina's three (3) year statute of limitations for damages to real property and to personal property provides the period for the commencement of an action as follows: "Within three years:

5

>    (1) an action upon a contract, obligation, or liability, express or implied, excepting those provided for in Section 15-3-520;
>
>    (2) an action upon a liability created by statute other than a penalty or forfeiture;
>
>    (3) an action for trespass upon or **damage to real property**;
>
>    (4) an action for taking, detaining, or **injuring any goods** or chattels including an action for the specific recovery of personal property; . . . ." (emphasis added).

In this case, it is indisputable that the Fire that damaged Plaintiff's subrogor occurred on November 18, 2018. It is also indisputable that Plaintiff filed this lawsuit on December 11, 2020, well within the three (3) statute of limitations. Consequently, Defendants' statute of limitations affirmative defense fails as a matter of fact and a matter of law and Plaintiff should have summary judgment on this affirmative defense.

**C.    Statute of Repose**

Although their pleadings are unclear, Defendants Therma-Stor and Resideo argue that the Plaintiff's claims are barred by South Carolina's statute of repose set forth in S.C. Code Ann. § 15-3-640. As a matter of fact and matter of law, § 15-3-640 does not apply to Plaintiff's claims because the statute is expressly limited to claims concerning the completion of a permanent improvement to real property, and not the manufacturer and use of a defective appliance (product) like the Dehumidifier. South Carolina does not have a statute of repose for product liability claims, like those currently being asserted by Plaintiff against Defendants.

Section 15-3-640 states that "No actions to recover damages based upon or arising out of the defective or unsafe condition of an **improvement to real property** may be brought more than eight years after substantial completion of the improvement." (emphasis added). South Carolina courts consider three factors in identifying an "improvement to real property": (1)

whether it makes the property more valuable, (2) whether it involved the investment of money and labor, and (3) whether it is permanent. *See South Carolina Pipeline Corp. v. Lone Star Steel Co.*, 345 S.C. 151, 155, 546 S.E.2d 654 (S.C. 2001). Permanence is the most important factor in the analysis. *Id.*; *Ervin v. Continental Conveyor & Equipment Company, Inc.*, 674 F.Supp.2d 709 (D.S.C. 2009). In establishing the three-pronged analysis for an improvement to real property, the South Carolina Supreme Court *South Carolina Pipeline* found that an underground pipeline was a permanent improvement to real property for statute of repose purposes. 546 S.E.2d at 657. The Supreme Court stated that:

> We have not defined the term 'improvement' in the context of § 15-3-640. In construing that term for purposes of the Betterment Statutes [S.C. Code Ann. §§ 27-27-10], we cited with approval the then-current definitions of "improvement" from American Jurisprudence and Corpus Juris Secundum:
>
> The phrase 'permanent improvements' means something done to or put upon the land, which the occupant cannot remove or carry away with him, either because it has become physically impossible to separate it from the land or because, in contemplation of law, it has been annexed to the soil and is therefore to be considered a part of the freehold.... It has been held, on the one hand, that the term 'improvements' applies only to things which have been placed upon the land under such circumstances as to make them a part of the realty, and, on the other hand, that it comprehends all additions to the freehold, except trade fixtures which can be removed without injury to the building.
>
> *Dunham v. Davis*, 232 S.C. 175, 183-84, 101 S.E.2d 278, 282 (1957)."

546 S.E.2d at 656.

To the contrary, the *Ervin* court determined that an incline conveyor was not an improvement to real property even though it was bolted down and was hardwired to the facility's electrical system. 674 F.Supp.2d at 720. The *Ervin* Court found that the conveyor was movable,

7

and thus, not permanent.1 *Id.* Similarly, the court in *Murray v. D.R. Horton, Inc.*, the court denied a defendant's motion for summary judgement because it failed to prove that the electrical cooking range it installed in the plaintiff's home was "permanent" under the statute of repose. 2015 WL 9581758 (D.S.C. 2015). The Court found that the range was easily movable – it was simply plugged into a wall outlet and was not bolted down to the floor. *Id*. Courts in other jurisdictions have reached similar conclusions. *See Noll by Noll v. Harrisburg Area YMCA*, 643 A.2d 81, 89 (Pa. 1994)(A diving platform was not an improvement to real property, "[r]emoving [a] diving platform did not require any special skill and was often done by parents and coaches conducting swim meets."). *See Comm. Fin. Co. v. Brooksville Hotel Co.*, 98 Fla. 410, 123 So. 814, 816 (Fl. 1929)(holding that a refrigerator, even though it is attached by wires and pipes to the building and may even be placed upon a specially constructed base or foundation, is personalty and not a fixture*); Sweeting v. Hammons*, 521 So.2d 226, 228–30 (Fla. Dist. Ct. App. 1988)(holding that two bars, icemaker, coolers, water heater, air conditioner, cabinets and shelving were not fixtures); *First Fed. Sav. and Loan Ass'n of Oklaloosa Cnty. v. Stovall*, 289 So.2d 32 (Fla. Dist. Ct. App. 1974) (holding that a hot water heater, sink, plumbing attachments, countertop and backsplash, dishwasher, disposal unit, lights, cabinets, range hood and drop-in range were all personalty and not fixtures); *Zimring–McKenzie Const. Co. v. City of Pinellas Park*, 237 So.2d 576 (Fla. Dist. Ct. App. 1970) (holding that underground water and sewer

---

1

Another factor the *Ervin* court considered was whether the product could easily be removed from the real property without causing damage to the unit or the building. 674 F.Supp.2d at 717-18 (citing *Tropello v. Matthews Co.*, 1994 WL 161380 (E.D.Pa.). When a product can be easily removed from a building, and its removal will not damage the building or the product, the product is likely not a permanent improvement to real property. *Id.*

systems installed in a subdivision were personal property and not fixtures); *GECC Leasing Corp. v. Berkshire Life Ins. Co.*, 226 So.2d 231, 233 (Fla. Dist. Ct. App. 1969)(holding that air conditioning units were not fixtures, but personal property).

Additionally, courts are reluctant to consider a mass-produced appliance that is brought into a home a permanent improvement to real property. The *Ervin* court briefly mentioned the case of *McCormick v. Columbus Conveyor*, 564 A.2d 907, 910 (Pa. 1989), which, in holding that a conveyor system was a permanent improvement, noted that it was clear the manufacturer in that case Adid more than supply a standard piece of equipment, indistinguishable from any other it mass produced, that by chance became affixed to the University=s property.@ *Ervin*, 674 F.Supp.2d at 720. The court helped distinguish the *McCormick* case from the *Tropello* case previously mentioned by noting that the conveyor system in *Tropello* was not Auniquely suited@ to the bakery in which it was installed, and that this helped show that the mass-produced nature of the conveyor Adid not indicate the system was a permanent improvement.@ *Id*. at 717. This indicates that the District Court attached significance to whether something was mass-produced or specifically designed for the real property in question.

This mass-produced theory relating to products is bolstered by cases in other jurisdictions, where courts were asked when statutes of repose protect manufacturers of mass-produced items.  For example, In *Witham v. Whiting Corp.*, the Seventh Circuit, citing *McCormick*, held the plaintiff failed to Aequate a crane with a clock or water heater when they describe it as a mass-produced product . . .. [Defendant] did not place the crane into the stream of commerce. It did not simply pluck the crane from its inventory and ship it to [Plaintiff].

9

Instead, it specifically manufactured the crane for [Defendant] based on information provided about Defendant=s plant.@ 975 F.2d 1342, 1347 (7th Cir. 1992). The Dehumidifier in this case proves to be the inverse of the crane. Rather than being specifically designed for the Plaintiff=s home, it was mass-produced product placed into the stream of commerce like other household appliances. Durig Affidavit, ¶ 6.

Here, the Dehumidifier is not an improvement to real property within the statute of repose context because it is not permanent. The Dehumidifier was not bolted down, was not hardwired into the home's electrical system, and could be unplugged and moved without damaging the Dehumidifier or the Wyatt Home. *See Murray*, 2015 WL 9581758; *Dunham*, 101 S.E.2d at 282; Durig Affidavit, ¶ 6. After the Fire, the fire department removed the Dehumidifier from the Wyatt Home, presumably because of its involvement as the cause of the Fire. *See* Durig Affidavit, ¶ 6e. The Dehumidifier was not specifically designed to be uniquely situated in the Plaintiff=s home, like the conveyor in *McCormick*, but was instead a mass-produced product, like the conveyor in *Tropello*. *Ervin*, 674 F.Supp.2d at 717; Durig Affidavit, ¶ 6. Therefore, under the court's rationale in *Ervin*, the fact that the Dehumidifier was mass-produced and not uniquely suited for the Wyatt home indicates that it was not a permanent improvement in the statute of repose context.

## I. SUMMARY JUDGMENT EVIDENCE

Plaintiff's Motion for Partial Summary Judgment is supported by the pleadings on file in this Cause and by the following summary judgment evidence which is incorporated herein for all

purposes as if fully set forth:

Exhibit 1:  Affidavit of Mark W. Moran with attached exhibits:

    A. Defendant Therma-Stor LLC's Responses to Plaintiff's First Set of Interrogatories.

    B. Defendant Resideo Technologies, Inc.'s Answers to Plaintiff's Interrogatories.

    C. Defendant Therma-Stor LLC's Answer to Complaint.

    D. Defendant Resideo Technologies, Inc.'s Answer to Complaint.

Exhibit 2:  Affidavit of Dr. Bryan Durig.

Exhibit 3:  Plaintiff's Complaint

## I. CONCLUSION

Based on the foregoing, Plaintiff is entitled to summary judgment on Defendants' affirmative defenses of statute of limitations and statute of repose. Plaintiff timely filed this lawsuit within three (3) years of the Fire and the Dehumidifier is not a permanent improvement to real property under South Carolina law as a matter of fact and matter of law.

**WHEREFORE**, Central requests that this Court grant its Motion for Partial Summary Judgment and enter summary judgment on Defendants' affirmative defenses of the statute of limitations and statute of repose.

Respectfully submitted,

**HENDERSON, BRANDT & VIETH, P.A.**

By: */s/ George Brandt, III*
George Brandt, III

360 East Henry Street, Suite 101
Spartanburg, South Carolina 29302
Telephone: 864.582.2962
Email: gbrandt@hbvlaw.com

and

**MUNCK WILSON MANDALA, LLP**

*/s/ Mark W. Moran*
**MARK W. MORAN**
Texas Bar No. 00788076
600 Banner Place Tower
12770 Coit Road
Dallas, Texas 75251
Telephone: 972-628-3600
Facsimile: 972-628-3616
Email: mmoran@munckwilson.com
**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of November 2021, I electronically filed the foregoing document with the Clerk of Court for the U.S. District Court, District of South Carolina, using the electronic case filing system of the Court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

*/s/ George Brandt, III*
George Brandt, III